UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEINWAY MUSICAL INSTRUMENTS,
INC. & CONN-SELMER, INC.,

Plaintiffs,

v.                                                    CAUSE NO. 3:21-CV-00251 DRL-MGG

ZURICH AMERICAN INSURANCE CO.,

Defendant.

OPINION & ORDER

Steinway Musical Instruments, Inc., and its Indiana subsidiary Conn-Selmer, Inc., sued Zurich American Insurance Company in Indiana's commercial court for breach of contract and declaratory relief. Zurich removed the suit under 28 U.S.C. § 1441 and moved to dismiss Steinway's claims for lack of personal jurisdiction. Steinway and Conn-Selmer moved to remand for lack of subject matter jurisdiction. The court grants the motion to remand.

Steinway and Conn-Selmer are insured by Zurich under two "all-risk" policies (one from 2019 and one from 2020). These policies, issued to Steinway and its subsidiaries, are alleged to provide coverage for losses resulting from various "contamination" events, including radiation, viruses, pathogens, pathogenic organisms, and illnesses. Steinway and Conn-Selmer claim that Zurich improperly denied coverage for business interruption losses from the COVID-19 pandemic.

On April 14, 2021, exactly thirty days after service, Zurich removed this action based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a), 1446(b)(1). Zurich acknowledges today that it lacked at the time of removal complete diversity with Steinway (both entities share New York citizenship), but Zurich argues that the court lacks personal jurisdiction vis-à-vis Steinway's claims against the insurer; and, once that decision has been made to dismiss, complete diversity would exist between Conn-Selmer and Zurich.

The briefs take more time to read than the true issue takes to decide. A defendant may remove a case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). When a party removes based on diversity, the parties must have diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of every state in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

The inerasable fact remains that Zurich lacked the ability to establish diversity jurisdiction at the time of removal. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). The burden of establishing federal jurisdiction fell on Zurich, with any "doubt regarding jurisdiction [to] be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citation omitted).

Zurich passes over this requirement and invites the court to decide personal jurisdiction first. A federal court will customarily resolve doubts about subject matter jurisdiction first, but "there is no unyielding jurisdictional hierarchy." *Ruhrgas Ag. v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Without an Hammurabian rule that one jurisdictional inquiry must precede the other, the court has discretion to decide personal jurisdiction first—when the less arduous task—though infrequently will that be so. *See id.* at 587-88; *see, e.g., Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 822 (7th Cir. 2016) (addressing sovereign immunity before standing); *Morris v. Nuzzo*, 718 F.3d 660, 665-66 (7th Cir. 2013) (deciding venue before subject matter jurisdiction).

Subject matter jurisdiction is straightforward. "It is settled, of course, that absent complete diversity a [state law] case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Serves., Inc.*, 545 U.S. 546, 564 (2005). A mere glimpse at the complaint reveals the lack of subject matter jurisdiction without wading into the thornier and factually intensive issue of personal jurisdiction. Both Steinway and Zurich are New York companies, thereby destroying diversity jurisdiction. *See id.* at 553.

Indeed, this fact precluded removal when it was attempted. *See* 28 U.S.C. § 1441(a); *Caterpillar*, 519 U.S. at 73. "Neither § 1332 nor any case of which [the court is] aware provides that defendants may discard plaintiffs in order to make controversies removable." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). This wasn't merely an attempt by Zurich to put the cart before the horse, but to forget the put the wheels on the cart altogether.

Federal law dictates that the case must be remanded. *See* 28 U.S.C. § 1447(c). Zurich offers no legitimate basis for its removal. It argues no fraudulent joinder doctrine, even if this doctrine applied. *See Morris*, 718 F.3d at 666 ("an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no chance of success") (internal quotations omitted). It merely banks on the court's discretion that it might wade into another jurisdictional issue first, albeit one obviously not suited for easy or early disposition in comparison to subject matter jurisdiction.

Steinway and Conn-Selmer ask for fees and costs associated with the remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This isn't a sanctions rule, but a fee-shifting statute. *See Garbie*, 211 F.3d at 410. A finding of bad faith might inform the decision but isn't required. *See id.* The court may award fees when "the removing party lacked an objectively reasonable basis for seeking removal." *Jackson Cty. Bank v. Dusablon*, 915 F.3d 422, 424 (7th Cir. 2019) (quotations omitted); *accord Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Removal was unjustified under settled law. Similar attempts to remove by Zurich, and in demonstrably stronger scenarios, including one recently before Judge J.P. Hanlon, have been rebuffed—adding to the notice that this approach would not be countenanced without something more compelling. *See Tom James Co. v. Zurich Am. Ins. Co.*, 2020 U.S. Dist. LEXIS 213520 (S.D. Ind. Nov. 13, 2020); *see also MB2 Dental Sols. LLC v. Zurich Am. Ins. Co.*, 2021 U.S. Dist. LEXIS 115725

(N.D. Tex. June 21, 2021) (remanding); *Life Time, Inc. v. Zurich Am. Ins. Co.*, 2021 U.S. Dist. LEXIS 35404 (D. Minn. Feb. 25, 2021) (remanding). Today Zurich offers something even less—indeed scant—not something more. Its two primary cases weren't on point. The court may have discretion to sequence jurisdictional issues, but it was objectively unreasonable to expect the obviously multifaceted to predominate over the facially simple. *See Ruhrgas*, 526 U.S. at 587-88. A removal might well be suitable in a future case, but this one wasted resources, imposed unnecessary costs, and improperly delayed resolution. *See Martin*, 546 U.S. at 141.

Accordingly, the court GRANTS the motion to remand [ECF 13], REMANDS this case to the Elkhart Superior Commercial Court for further proceedings, DENIES AS MOOT the motion to dismiss [ECF 6], and GRANTS the request for reasonable fees and costs, albeit associated with the remand request only, not the personal jurisdiction briefing. What is obvious to one should be fairly obvious to the other. The plaintiffs may submit their itemization of fees and costs, with any supporting affidavit, by October 25, 2021, with any response from Zurich by November 4, 2021. No other submissions are allowed without prior approval from the court.

SO ORDERED.

October 14, 2021                          *s/ Damon R. Leichty*
                                          Judge, United States District Court